**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMUSEMENT ART, LLC, | No.    17-55045 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08290-DDP-JPR |
| v. | |
| LIFE IS BEAUTIFUL, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| AMUSEMENT ART, LLC, | No.    17-55884 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-08290-DDP-JPR |
| v. | |
| LIFE IS BEAUTIFUL, LLC; DOWNTOWN LAS VEGAS MANAGEMENT, LLC, | |
| Defendants-Appellants, | |
| and | |
| DOES, 1 through 10, inclusive, | |
| Defendant. | |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

AMUSEMENT ART, LLC,

        Plaintiff-Appellant,

v.

LIFE IS BEAUTIFUL, LLC;
DOWNTOWN LAS VEGAS
MANAGEMENT, LLC,

        Defendants-Appellees,

 and

DOES, 1 through 10, inclusive,

        Defendant.

No.    17-55888

D.C. No.
2:14-cv-08290-DDP-JPR

Appeals from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 25, 2019
San Francisco, California

Before: CLIFTON and CHRISTEN, Circuit Judges, and RUFE,[**] District Judge.

Plaintiff-Appellant Amusement Art, LLC ("AA") appeals the district court's

order granting summary judgment to Defendant-Appellees Life is Beautiful, LLC

---

[**]    The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

and Downtown Las Vegas Management, LLC (collectively "LIB") on AA's trademark and copyright infringement claims. In addition, both AA and LIB appeal the district court's award of attorney's fees to LIB. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the order granting summary judgment, and affirm in part and vacate, in part, the fee award.

AA is the intellectual property arm of artist Thierry Guetta, also known as "Mr. Brainwash." For several years, Guetta incorporated the phrase "life is beautiful" into some of his artwork and art shows, and separately created artwork involving a splashed-paint heart. AA registered a series of trademarks for both "life is beautiful" and the splashed-paint heart, and also registered a copyright for the splashed-paint heart. After LIB began hosting a "Life is Beautiful" music and art festival in Las Vegas with a painted-heart logo (and following brief, failed negotiations between the parties), AA brought suit alleging that LIB had improperly appropriated and infringed upon AA's "life is beautiful" trademarks as well as the trademark and copyright associated with the splashed-paint heart.[1]

1. The district court properly dismissed AA's allegations that LIB infringed AA's "life is beautiful" trademark.

---

[1] Because the parties are familiar with the facts of this case, we provide only this brief synopsis.

As to the Section 32(1) claims for registered "life is beautiful" marks, the district court dismissed those claims because AA defrauded the U.S. Patent and Trademark Office (PTO) by submitting false affidavits and photographs purporting to show that AA had used the mark "life is beautiful" on a variety of commercial products. AA had previously withdrawn those registrations, and does not appeal the dismissal of those claims. We therefore need not address the propriety of the district court's order on that issue. However, we vacate the district court's cancellation of those registrations because LIB's cancellation counterclaims were moot following AA's voluntary surrender of the registrations.

As to the Section 43 claims for unregistered marks, and the related common law and state law claims, the district court ruled that LIB was entitled to summary judgment because of its fraud on the PTO. The district court's order can be affirmed for two alternative reasons:

(a) The evidence of AA's fraud on the PTO justifies summary judgment for LIB. Although AA provided declarations from the individuals who submitted the false affidavits suggesting those individuals lacked the required intent to deceive the PTO, those declarations are skeletal and conclusory, and so they do not create genuine issues of material fact in light of the clear evidence that AA sought to mislead the PTO. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171

(9th Cir. 1997), *as amended* (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Moreover, AA forfeited any argument that its fraud on the PTO is unrelated to its unregistered claims and its state and common law claims, and AA therefore cannot rely on that argument here. *See, e.g., Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016).

(b) AA's unregistered claims fail on the merits. The only argument that AA raised in the district court to show it possessed a protectable, source-identifying mark was the presumption of validity that stems from AA's "life is beautiful" class 41 trademark registration (covering music festivals). But the presumption of validity is rebuttable, and it only arises as of the registration's September 2014 filing date, *see Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219-20 (9th Cir.1996), which was two years *after* LIB's first documented use in 2012. That argument therefore fails, and AA has waived any alternative arguments by relying solely on its 2014 registration. *See, e.g., Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000). Moreover, even beyond AA's waiver and the 2014 registration, the record shows that AA did not use "life is beautiful" as a source-identifying mark. Indeed, the ubiquitous phrase "life is beautiful" is a well-used trope that appears in a variety of different media, including books and movies, and

5

the record does not show that the phrase denotes Guetta's work, even in the context of pop art. At best, "life is beautiful" was an element of Guetta's art, not a branding strategy or a designation of origin, and so was not entitled to trademark protection. AA and Guetta also have no valid state law claims for unfair competition without a protectable, source-identifying mark. As such, the district court properly granted summary judgment to LIB.

2. We affirm the district court's dismissal of the copyright and trademark claims associated with AA's splashed-paint heart. AA had no valid trademark because the record does not show that AA or Guetta used the heart as a source identifier; in fact, AA's corporate designee testified that the splashed-paint heart was a copyrighted image, not a trademark. And AA waived the splashed-paint heart copyright claim by failing to adequately address it in its opening brief. *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("[This court] will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

6

3. LIB is entitled to fees on the Lanham Act claims arising from both the "life is beautiful" marks and the splashed-paint heart because the district court properly found those claims were "exceptional" pursuant to 15 U.S.C. § 1117(a). The claims for registered marks were "exceptional" because the registrations were procured fraudulently, which AA acknowledges is a basis for § 1117(a) fee award. Moreover, AA's fraud permeated the unregistered claims because there was significant overlap between the registered and unregistered claims, at least in terms of litigating LIB's defensive case. And even if AA's fraud is not related to the fees incurred on the unregistered trademark allegations, those claims are still "exceptional" because they are extraordinarily weak—the only argument AA made was based on a presumption of validity that was two years too late and had no chance of succeeding. Similarly, AA's splashed-paint heart trademark claims were extremely weak, and were effectively refuted by AA's own corporate designee. Accordingly, the district court did not abuse its discretion in finding the Lanham Act claims exceptional and awarding fees to LIB.

4. LIB is not entitled to fees on the splashed-paint heart copyright claim. Although AA ultimately lost, the claim was neither frivolous nor objectively unreasonable. Indeed, AA held a valid, registered copyright of its heart image and there were a number of striking similarities between the two splashed-heart images.

7

Moreover, LIB's founder pulled several images of Guetta's art off the internet and relied on those images to pitch the festival and get funding. Although the claim ultimately failed, the district court did not abuse its discretion in finding that a fee award was not justified.

5. Finally, after concluding that LIB is entitled to fees on the Lanham Act claims, but not the copyright claims, we otherwise vacate the district court's fee award. Because we conclude that AA's voluntary surrender of the trademark registrations mooted LIB's cancellation counterclaims (and, for all practical purposes, resolved AA's Section 32 claims based on the underlying marks), the fee award encompasses work that was unnecessary and potentially excessive. We therefore remand to the district court to reconsider the extent to which LIB's fee award should be adjusted to exclude fees that were incurred unnecessarily following AA's surrender of the eight registrations at issue.

The district court's order on summary judgment is **AFFIRMED**. The district court's fee award is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is remanded to the district court with instructions to evaluate the impact of AA's voluntary surrender on LIB's Lanham Act fee award.

The parties shall bear their own costs for this appeal.